[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2005
THOMAS K. KAHN
CLERK

No. 05-10557
Non-Argument Calendar

_____

D. C. Docket No. 04-00138-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELONE LEVESE HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 25, 2005)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kelone Levese Holmes, through counsel, appeals his conviction and 57-

month sentence for possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922(g)(1). On appeal, Holmes first argues that, in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the district court erred in sentencing him pursuant to a mandatory guidelines system. He also argues that the district court committed a constitutional <u>Booker</u> error by enhancing his sentence based on his possession of a firearm in connection with another felony offense, where that enhancement involved judicial determination of facts neither charged in the indictment nor admitted by Holmes.

Second, although Holmes admits that under our caselaw, the fact that the firearm previously traveled in interstate commerce satisfies the interstate commerce element of 18 U.S.C. § 922(g)(1), he argues that because the Constitution does not provide Congress with a general police power, there must be more than a minimal connection between criminal activity and interstate commerce, relying on <u>United States v. Lopez</u>, 514 U.S. 549 (1995), <u>United States v. Morrison</u>, 529 U.S. 598 (2000), and <u>Jones v. United States</u>, 529 U.S. 848 (2000).

**Booker**

In <u>Booker</u>, the Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a jury trial to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant.

2

Booker, 125 S.Ct. at 746-56.  In a separate majority opinion, the Court in Booker concluded that, to best preserve Congressional intent, the appropriate remedy was to excise two specific sections—18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) – thereby rendering the Sentencing Guidelines advisory.  125 S.Ct. at 764.  The Supreme Court noted, however, that courts must continue to consult the guidelines, together with the factors listed in 18 U.S.C. § 3553(a).[1]  Id.

We have explained that there are two types of Booker error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1329-31 (11th Cir. 2005).  Even in the absence of a Sixth Amendment violation, Booker error exists where the district court imposes a sentence under a mandatory Guidelines system.  Id. at 1330-31.

When, as here, a defendant raises an objection to the constitutionality of the guidelines in the district court , both his statutory and constitutional Booker claims are preserved and we review the case de novo, reversing only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).  Constitutional Booker

---

[1] These factors include, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a).

3

error will be disregarded as harmless only where the government clearly demonstrates, beyond a reasonable doubt, that the error did not contribute to the sentence obtained. Id. Statutory Booker error will be harmless if, viewing the proceedings in their entirety, we can say with fair assurance that the sentence was not substantially swayed by the error or the error had but very slight effect. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). This standard for proving statutory Booker error harmless is "not easy for the government to meet." Id. at 1292.

Here, the district court erred in applying the guidelines as mandatory. Shelton, 400 F.3d at 1329-31. This error was not harmless. The district court did not indicate whether it would have imposed a different sentence under an advisory guidelines system. While the government points to the district court's statement that a downward departure was not appropriate in this case, we have held that the district court's refusal to grant a downward departure does not render statutory Booker error harmless. United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005). Furthermore, though the government points out that the district court considered some of the factors set forth in 18 U.S.C. § 3553(a) and stated that the sentence addressed the seriousness of the offense, we have also held that merely expressing approval of a sentence produced by the mandatory guidelines system

4

does not settle whether the court would have given the defendant a lesser sentence under an advisory regime. United States v. Rush, No. 04-14381, 2005 U.S. App. LEXIS 15667 at *9 (11th Cir. July 28, 2005). In short, the district court's statements at sentencing are not sufficient to show harmless error because the district court was following binding authority stating that it had to follow the guidelines. The district court may have imposed an even lower sentence had the guidelines been merely advisory, and the government did not meet the difficult burden of proving that the error was harmless. See Mathenia, 409 F.3d at 1292. Accordingly, we vacate and remand Holmes's sentence for re-sentencing. See Id. at 1291-92. Any constitutional error will be remedied at resentencing when the district court sentences Holmes under the post-Booker advisory guidelines system.

**Constitutional Challenge to 18 U.S.C. § 922(g)**

We review preserved constitutional challenges to statutes de novo. United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001). Section 922(g) provides:

> It shall be unlawful for any person–(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). We have upheld § 922(g) against a constitutional challenge based on the Supreme Court's decision in Lopez. United States v. McAllister, 77

5

F.3d 387, 388 (11th Cir. 1996). In <u>McAllister</u>, we held that the statute was facially valid, and that, "[b]ecause the government demonstrated that the firearm possessed by McAllister previously had traveled in interstate commerce, the statute is not unconstitutional as applied to him." <u>Id.</u> at 390. We likewise rejected a later constitutional challenge to the statute based on <u>Morrison</u>. <u>Dupree</u>, 258 F.3d at 1259. In that case, we held that "<u>Morrison</u> does not change the holding in <u>McAllister</u> and that § 922(g) is a constitutional exercise of Congress's commerce power." <u>Id.</u> at 1259. Where a panel of this Court has addressed an issue of law, "each succeeding panel is bound by the holding of the first panel . . . unless and until that holding is overruled <u>en</u> <u>banc</u>, or by the Supreme Court." <u>United States v. Hogan</u>, 986 F.2d 1364, 1369 (1993). As prior panels have rejected Holmes's constitutional challenge to § 922(g)(1), we affirm as to this issue.

## Conclusion

Upon a review of the record and the parties' briefs, we vacate and remand Holmes's sentence consistent with <u>Booker</u> and affirm Holmes's conviction as to his constitutional challenge to 18 U.S.C. § 922(g).

**VACATED AND REMANDED IN PART, AFFIRMED IN PART**