[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10433
Non-Argument Calendar
_____

D. C. Docket No. 04-00096-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICO RESEAN HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 29, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Rico Resean Hubbard appeals his 92-month sentence, imposed after he pled

guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Hubbard argues that: (1) § 922(g) attempts to regulate non-economic intrastate criminal activity, and is, therefore, unconstitutional under the Commerce Clause; and (2) he was sentenced in violation of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because the district court enhanced his sentence based upon facts not charged in the indictment or admitted by him, pursuant to a mandatory sentencing scheme.

We review constitutional challenges to statutes de novo. See United States v. Dupree, 258 F.3d 1258 (11th Cir. 2001). Hubbard preserved his Booker error by objecting, based on Blakely v. Washington, 542 U.S. ___, 124 S. Ct 2531, 159 L. Ed. 2d 403 (2004), at sentencing. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (holding that appellant properly preserved Booker claim by citing Blakely in his written objections to the PSI and reminding the court at sentencing of his Blakely objection). Accordingly, he is entitled to preserved error review, meaning that we review his claim de novo, but will reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). "'To find harmless error, we must determine that the error did not affect the substantial rights of the parties.'" Id. (quoting United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998)). "The burden is on the

government to show that the error did not affect the defendant's substantial rights." Id. (citing United States v. Olano, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781, 123 L. Ed. 2d 508 (1993)).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we affirm Hubbard's conviction, but find Booker constitutional error that the government cannot establish was harmless. We therefore vacate and remand his sentence for resentencing consistent with Booker.

The relevant facts are these. On May 27, 2004, Hubbard was indicted for one count of possession of a firearm by a convicted felon, in violation of § 922(g)(1). Without the benefit of a plea agreement, Hubbard entered a plea of guilty to the crime charged. Hubbard also filed a "factual resume," in which he admitted the facts necessary to support his guilty plea, including the following: (1) on May 16, 1995, he was convicted, in Alabama state court, of attempted second-degree burglary, which is a felony crime punishable by a term of imprisonment exceeding one year, and (2) on July 17, 2003, he knowingly possessed a Ruger, 9mm caliber, semi-automatic handgun. He also stipulated "that [the Ruger] was manufactured outside the State of Alabama and therefore affected commerce by its importation into the State of Alabama." Hubbard then proceeded to sentencing.

According to the presentence investigation report ("PSI"), Hubbard's base offense level was 24, pursuant to U.S.S.G. 2K2.1(a)(2)(A). The PSI recommended the following adjustments: (1) a 2-level upward adjustment for engaging in reckless endangerment during flight from law enforcement, U.S.S.G. § 3C1.2; (2) a 2-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a); and (3) a 1-level reduction for Hubbard's timely entry of a guilty plea, U.S.S.G. § 3E1.1(b). With an adjusted offense level of 23 and a criminal history category of VI (based on 14 criminal history points), his Sentencing Guidelines range was 92 to 115 months' imprisonment.

Hubbard objected to the 2-level enhancement under § 3C1.2, arguing that the adjustment was not warranted based on the police report, which indicated that Hubbard stopped his vehicle after only a "brief vehicle pursuit." Hubbard also argued that enhancement was improper based on Blakely.

At the sentencing hearing, in support of the § 3C1.2 enhancement, the government presented the testimony of Officer Raymond Cook, of the Mobile Police Department, who was responsible for stopping Hubbard's vehicle prior to his arrest. Officer Cook described that after he turned on the blue lights of his marked car, Hubbard increased the speed of his vehicle. Officer Cook pursued Hubbard through a residential area for about a minute and a half, during which

Hubbard drove approximately 15 miles per hour faster than the posted speed limit of 30 miles per hour, ran stop signs without slowing down, and drove in opposing traffic lanes, despite the presence of other traffic on the road. After Hubbard pulled his vehicle over, Hubbard got out and ran away. Officer Cook chased him and eventually arrested him.

After Officer Cook's testimony, Hubbard noted that, during the chase, he did not travel at "an excessive rate of speed," and highlighted Officer Cook's testimony that no near collisions occurred. Hubbard argued that the facts did not establish that he "recklessly created a substantial risk of death or serious bodily injury." The district court disagreed, noting that the "evidence [was] more than adequate to supply the elements of reckless endangerment during flight," and ruled the two-level enhancement, under § 3C1.2, was warranted. Hubbard also reiterated his Blakely argument, but the district court overruled the objection, finding that Blakely was not applicable, pursuant to this Court's controlling precedent.

The district court adopted the PSI's sentencing calculations and sentenced Hubbard to 92 months of imprisonment and 3 years of supervised release. This appeal followed.

As for Hubbard's constitutional challenge to § 922(g)(1),[1] he recognizes that we squarely rejected his argument in Dupree, in which we held that a defendant's possession of a firearm that traveled in interstate commerce (facts that Hubbard admitted in this case) is sufficient to satisfy the commerce element of the statute and comply with the Commerce Clause. See 258 F.3d 1260; see also United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (rejecting argument that Congress exceeded its authority, under the Commerce Clause, by enacting § 922(g)(1); noting that the felon-in-possession statute has an express jurisdictional element, which would ensure that the firearm possession in question affects interstate commerce)); cf. United States v. Ballinger, 395 F.3d 1218 (11th Cir.) (en banc) (rejecting facial and as-applied challenges, based on the Commerce Clause, to 18 U.S.C. § 247, pursuant to the "approach this Circuit has repeatedly taken to the nearly identical language found in § 922(g)"), pet. for cert. filed, No. 04-9627 (Apr. 7, 2005).

---

[1]Section 922(g)(1) makes it unlawful for any person:

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g)(1).

Where a panel of this Court has addressed an issue of law, "each succeeding panel is bound by the holding of the first panel to address the issue of law, unless and until that holding is overruled en banc, or by the Supreme Court." United States v. Hogan, 986 F.2d 1364, 1369 (1993). Under our uniform line of controlling precedent, § 922(g) is a constitutional exercise of Congress's Commerce Clause power. Hubbard's admission, in the factual resume he filed, that he possessed a gun that had traveled in interstate commerce was sufficient to demonstrate the required nexus to interstate commerce. Accordingly, we affirm Hubbard's conviction.

As for Hubbard's Booker claim, the Sixth Amendment right to trial by jury is violated where, under a mandatory Guidelines system, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. Booker, 543 U.S. ___, 125 S. Ct. at 749-56 (2005). The Booker constitutional error is the use of extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). The Booker non-constitutional, or statutory, error occurs when the district court sentences a defendant under a mandatory sentencing scheme, even in the absence of a Sixth Amendment enhancement violation. Id. This case concerns both types of error.

7

The district court committed <u>Booker</u> constitutional error by sentencing Hubbard on the basis of facts (reckless endangerment during flight) not alleged in the indictment or admitted by him as part of his plea and statutory error by applying the guidelines in a mandatory fashion.

A constitutional error is harmless if the government can show that "it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." <u>Paz</u>, 405 F.3d at 948 (quotation and alteration omitted). Based on our careful review of the record, with particular attention to the sentencing transcript, we can find no indication of whether or not the district court would have sentenced Hubbard similarly under an advisory scheme. Moreover, Hubbard was sentenced to the low end of the Guidelines range. On this record, the government cannot show that the error was harmless. Accordingly, we vacate Hubbard's sentence and remand his case to the district court for resentencing consistent with <u>Booker</u>.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**