[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11869
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00096-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICO RESEAN HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 19, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is Rico Resean Hubbard's second appearance before the Court. Based on

the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we

previously vacated his sentence and remanded for resentencing. See United States v. Hubbard ("Hubbard I"), 148 F. App'x 810 (11th Cir. 2005) (unpublished). After a resentencing hearing, at which the district court heard argument on the 18 U.S.C. § 3553(a) factors, the district court imposed the same sentence, which was at the lowest end of the Guidelines range Hubbard faced. In this appeal, Hubbard again challenges his 92-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Hubbard argues that his sentence was unreasonable. We affirm.

Pursuant to the Supreme Court's instructions in Booker, we review a district court's sentence, imposed after consulting the Guidelines and considering the factors set forth at § 3553(a), for reasonableness. Booker, 543 U.S. at 264-65; United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006) ("Under Booker, we review a defendant's ultimate sentence for reasonableness."). The reasonableness review is "deferential" and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Based on an adjusted offense level of 23 and a criminal history category VI (based on 14 criminal points), Hubbard faced a Guidelines range of 92 to 115 months' imprisonment. The statutory maximum term of imprisonment was ten years, under 18 U.S.C. §§ 922(g)(1), 924(a)(2). At the resentencing hearing, the district court heard evidence and legal argument in support of mitigation. Hubbard's wife testified that Hubbard had changed and was a good person, and also stated that a fellow church member had offered to give Hubbard a job. She also described her own health problems and the family's need for Hubbard to work. Hubbard's mother-in-law also testified to his good character. In addition, the court heard Hubbard's statement of remorse, as well as defense counsel's argument in support of mitigation.

Prior to imposing sentence, the district court throughly addressed its sentencing options, taking into account the evidence and argument presented at the original sentencing hearing and the resentencing hearing, the PSI, and the statutory maximum. The court also noted its discretion to impose a below-Guidelines sentence based on the § 3553(a) factors, including "the characteristics of the Defendant," but determined that it was not appropriate in Hubbard's case, given his lengthy criminal history. From our own review of the record, we readily conclude that Hubbard's low-end sentence, which was below the 120-month statutory maximum he faced, was reasonable.

**AFFIRMED.**