[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2005
THOMAS K. KAHN
CLERK

No. 05-11774
Non-Argument Calendar

_____

D. C. Docket No. 04-00062-CR-01-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO RUFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 16, 2005)

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Antonio Ruff appeals both his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and his sentence under the "Career Offender" provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1(b)(B). We affirm.

Ruff pleaded guilty to one count of possession with intent to distribute over five grams of cocaine base, 21 U.S.C. § 841, and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court determined that because Ruff had two previous convictions for aggravated assault, he qualified as a career offender under the Guidelines. See U.S.S.G. § 4B1.1. This enhancement resulted in a total offense level of 31 after a downward departure for acceptance of responsibility and a sentencing range of 188-235 months. Ruff was sentenced to 188 months of imprisonment on the drug charge and 88 months of imprisonment on the firearm charge, to run concurrently. At the sentencing hearing, Ruff objected to the use of his previous convictions but did not raise any challenge to the constitutionality of the firearm statute.

This Court reviews de novo questions of law arising under the United States Sentencing Guidelines. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). The constitutionality of a statute is reviewed de novo. United States v. Cunningham, 161 F.3d 1343, 1345 (11th Cir. 1998).

Ruff erroneously questions for the first time on appeal the constitutionality of the federal statute that prohibits the possession of a firearm by a felon. See 18 U.S.C. § 922(g)(1). That statute provides, "It shall be unlawful for any person (1) who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition . . . ." Id. Ruff argues that the "jurisdictional hook" of section 922(g)(1), which refers to possession "in or affecting commerce," is beyond the power of Congress, but this Court has repeatedly rejected this argument. See United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003); United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001); United States v. Scott, 263 F.3d 1270, 1272 (11th Cir. 2001); United States v. McAllister, 77 F.3d 387 (11th Cir. 1996).

Ruff next challenges his sentence under the "Career Offender" provision of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Ruff argues that the district court erroneously considered his two previous convictions for aggravated assault because "the nature of Ruff's prior convictions was neither alleged in the indictment, proved to a jury beyond a reasonable doubt, nor admitted by Ruff." Ruff concedes that under current caselaw, "the government need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."

United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (citing Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998)). Ruff contends that a recent line of decisions by the United States Supreme Court has called into question the validity of the Almendarez-Torres holding. See Shepard v. United States, ___ U.S. ___, 125 S. Ct. 1254 (2005); Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Ruff's argument fails for at least two reasons. First, Ruff's contention that he never admitted the fact of his convictions is false. At the Rule 11 hearing, the prosecution presented testimony that Ruff had twice been convicted of aggravated assault, and Ruff admitted that the testimony was accurate. Ruff also did not object to the listing and description of those convictions in the presentencing investigation report. No inquiry into the details of those convictions was necessary to determine that they qualified as crimes of violence; the Guidelines specifically identify aggravated assault as a crime of violence. U.S.S.G § 4B1.2, cmt. n.1. Second, even if the district court had relied on the rule of Almendarez-Torres to consider the convictions, this Court has already rejected the argument that more recent decisions have undermined its validity. See United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 n.3 (11th Cir. 2005).

**AFFIRMED**.