[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-13835
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00331-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LYNN PERRY,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(September 6, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Robert Lynn Perry appeals his conviction and 235-month sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Perry first argues that the government failed to show at his trial that the firearm in this case affected interstate commerce.[1] Perry -- who was charged with possessing the firearm in Florida -- contends that the government did not prove that the firearm was manufactured outside of Florida. He also asserts that, even assuming that the firearm was produced outside of Florida, the government failed to show that the gun traveled to Florida through interstate commerce.

We review challenges to the sufficiency of the evidence de novo, resolving all reasonable inferences from the evidence in favor of the jury's verdict. See United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999). We must affirm Perry's conviction "unless, under no reasonable construction of the evidence, could the jury have found [him] guilty beyond a reasonable doubt." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005).

---

[1] To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt, among other things, "that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000).

At Perry's trial, Special Agent Michael Gistinger with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the gun involved in this case -- a Mossberg pistol grip shotgun -- was manufactured in Connecticut, where Mossberg is based, and traveled in interstate commerce. Agent Gistinger's testimony provided sufficient evidence that the gun Perry possessed was in or affected interstate commerce. See United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001) (concluding that testimony by Special Agent of Bureau of Alcohol, Tobacco and Firearms that firearm "was manufactured in California and had moved in interstate commerce to Georgia where [defendant] was caught with the weapon" was sufficient "to demonstrate the required nexus to interstate commerce"); United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001) (explaining that "by brandishing a firearm that was manufactured in California and found in his car," defendant's acts satisfied the "minimal nexus to interstate commerce" required by section 922(g)).

Perry also asserts that section 922(g) is unconstitutional as applied to him. Citing the Supreme Court's decision in United States v. Lopez, 115 S.Ct. 1624 (1995), Perry contends that his conviction is unconstitutional because his firearm possession did not bear a substantial relationship to interstate commerce.

3

We review constitutional issues de novo. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004). We have consistently upheld the validity of 18 U.S.C. § 922(g) against the constitutional challenge raised by Perry. See United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996) (rejecting -- in the light of the Supreme Court's Lopez decision -- both a facial challenge to the constitutionality of section 922(g) and a challenge to section 922(g), as applied to defendant, based on defendant's claim that the government failed to show how his gun possession affected interstate commerce); see also Wright, 392 F.3d at 1280; United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003); Scott, 263 F.3d at 1274; Dupree, 258 F.3d at 1259-60 (all upholding constitutionality of section 922(g)). Perry's constitutional claim is without merit.

Perry next contends that the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act ("ACCA") based on prior convictions that were not proven to the jury beyond a reasonable doubt, in violation of the Sixth Amendment.[2] We review constitutional challenges to a sentence de novo. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005).

---

[2]The ACCA provides, "In the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e).

4

Perry's position is precluded by the Supreme Court's decision in Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998). In that case, the Supreme Court explained that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004). Later decisions by the Supreme Court, including Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), have not disturbed that conclusion. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). "Although recent decisions, including Shepard v. United States, 125 S.Ct. 1254 (2005), may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres." Id. at 1316 n.3. Therefore, the district court did not err in enhancing Perry's sentence based on his prior convictions.

We affirm Perry's conviction and sentence.

**AFFIRMED.**