PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2001
THOMAS K. KAHN
CLERK

No. 00-10819

D. C. Docket No. 99-00250-CR-CC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MYRON DUPREE,
a.k.a. Sidney Dupree,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(July 25, 2001)**

Before BIRCH, WILSON and FARRIS*, Circuit Judges.

*Honorable Jerome Farris, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

BIRCH, Circuit Judge:

In this opinion, we decide whether United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000) overrules our opinion in  United States v. McAllister, 77 F.3d 387 (11th Cir. 1996), which held that 18 U.S.C. § 922(g) does not violate the Commerce Clause.  We hold that Morrison does not change the holding in McAllister and that § 922(g) is a constitutional exercise of Congress's commerce power.

## I.  BACKGROUND

Myron Dupree was arrested in Georgia after yelling obscenities to and pointing a gun at a security officer who asked him to move his car, which was illegally parked.  He was found guilty at a jury trial of being a convicted felon in possession of a firearm, in violation of § 922(g)(1).  During the trial, the government offered evidence that the gun in Dupree's possession when he was arrested was manufactured in California.  Dupree moved for a directed verdict on the ground that the government failed to prove a substantial effect on commerce sufficient to satisfy the interstate commerce element of § 922(g).  The district court denied the motion.  At sentencing, the district court considered Dupree's criminal record and sentenced him to 188 months of imprisonment because he was an armed

2

career criminal. He appeals on the grounds that § 922(g) is unconstitutional on its face and as applied to his case.

## II. DISCUSSION

Because Dupree raises this constitutional challenge for the first time on appeal, it is within our discretion to either address his arguments or consider them waived. McAllister, 77 F.3d at 389. We choose to address his claims, and "review [the] constitutional challenge to section 922(g)[] as a question of law, de novo." United States v. Cunningham, 161 F.3d 1343, 1345 (11th Cir. 1998).

We addressed the constitutionality of § 922(g) in McAllister. McAllister purchased a gun in Georgia that was manufactured in California and shipped through South Carolina to Georgia. McAllister relied on United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), to challenge § 922(g), claiming that mere possession of a firearm does not substantially affect interstate commerce and that, in passing that statute, Congress exceeded its authority under the Commerce Clause. We denied his appeal because § 922(g) criminalizes possession of a firearm "in or affecting commerce." 18 U.S.C. § 922(g); McAllister, 77 F.3d at 390. In Lopez, on the other hand, the Supreme Court relied on the fact that the Gun Free Schools Act "by its terms ha[d] nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms."

*Lopez*, 514 U.S. at 561, 115 S. Ct. at 1630-31. We distinguished *Lopez* from *McAllister* because the statute at issue in *Lopez* was "not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated." *McAllister*, 77 F.3d at 390 (quoting *Lopez*, 514 U.S. at 561, 115 S. Ct. at 1631). "In contrast . . ., § 922(g) is an attempt to regulate guns that have a connection to interstate commerce; the statute explicitly requires such a connection. When viewed in the aggregate, a law prohibiting the possession of a gun by a felon stems the flow of guns in interstate commerce to criminals." *McAllister*, 77 F.3d at 390. It is this jurisdictional element to § 922(g) that distinguishes it from the Gun Free Schools Act and, accordingly, the holding in *Lopez*.

Dupree claims that *Morrison* overturns *McAllister* because it suggests that our interpretation of *Lopez* takes into consideration only part of the basis for the Supreme Court's decision. We decline to interpret *Morrison* in this way. In *Morrison*, the Supreme Court struck down the Violence Against Women Act because gender-motivated crimes against women did not involve an economic activity and the Act did not contain any jurisdictional element that established that the federal cause of action was pursuant to the Commerce Clause. 529 U.S. at 613, 120 S. Ct. at 1751. Section 922(g), on the other hand, specifically contains this

jurisdictional element, as it is applicable only to firearms "in or affecting commerce." Even after Morrison, McAllister remains the law of this circuit.[1]

Dupree also argues that, because there was undisputed evidence that he did not purchase the gun, his possession of the firearm cannot be said to have affected interstate commerce. However, § 922(g) requires only a minimal nexus to interstate commerce, McAllister, 77 F.3d at 390, and by brandishing a firearm that was manufactured in California and found in his car, Dupree's actions satisfy this test.

## III. CONCLUSION

Our holding in McAllister that the jurisdictional element of § 922(g) brings it within the commerce powers of the Congress is not overruled by Morrison. Accordingly, Dupree's conviction is AFFIRMED.

---

[1] In upholding the constitutionality of § 922(g), we join the majority of the circuits that have considered the issue. See United States v. Stuckey, __ F.3d __ (8th Cir. July 6, 2001); United States v. Gallimore, 247 F.3d 134 (4th Cir. 2001); United States v. Santiago, 238 F.3d 213 (2nd Cir. 2001) (per curiam), cert. denied, __ U.S. __, 121 S. Ct. 2016 (2001); United States v. Dorris, 236 F.3d 582 (10th Cir. 2000), cert. denied, __ U.S. __, 121 S. Ct. 1635 (2001); United States v. Napier, 233 F.3d 394 (6th Cir. 2000); United States v. Jones, 231 F.3d 508 (9th Cir. 2000); United States v. Wesela, 223 F.3d 656 (7th Cir. 2000), cert. denied, __ U.S. __, 121 S. Ct. 1145 (2001).