[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14724
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00208-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA HARRIS,
a.k.a. Sandra Keith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 2, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sandra Harris appeals her conviction and 33-month sentence imposed after

she pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Specifically, Harris appeals her conviction and sentence on the following two grounds: (1) the district court erred in denying her motion to dismiss the indictment for lack of federal jurisdiction; and (2) the district court's enhancements of Harris's sentence violated her Sixth Amendment rights.

## I.    Background

On or about, March 14, 2002, Harris shot her sister in the shoulder with a .22-caliber pistol. Harris maintains that she did not intend to shoot her sister, and insists that she thought that the gun was loaded with blank ammunition. It is undisputed that Harris had previously been convicted of a felony. On September 24, 2003, a federal grand jury indicted Harris for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Initially, Harris entered a plea of not guilty and moved the court to dismiss the indictment for lack of federal jurisdiction. After the district court denied her motion, Harris entered into a written plea agreement, wherein she agreed to plead guilty to the single count of the indictment. Harris also agreed to waive the right to appeal her sentence, but reserved the right to appeal an enhancement imposed by the district court for the use of a firearm during or in relation to certain crimes.[1]

_____

[1] The government does not argue in its brief that the appeal waiver provision prohibits Harris from asserting that the district court violated her Sixth Amendment rights by cross-

2

On May 12, 2004, Harris pled guilty before the district court, and the court adjudicated her guilty.

In the presentence investigation report ("PSI"), the probation officer cross-referenced from § 2K2.1 (the guideline for an offense charged under 18 U.S.C. § 922(g)(1)) to § 2X1.1 to determine Harris's base offense level because the probation officer determined that Harris used the weapon in the commission of another offense, aggravated assault. Cross-referencing again to the guideline provision for the substantive offense of aggravated assault, § 2A2.2(a), the probation officer calculated the base offense level as 15. The probation officer then increased the base offense level by five levels because the firearm was discharged, pursuant to § 2A2.2(b)(2)(A), and by two levels because Harris's sister sustained bodily injury, pursuant to § 2A2.2(b)(3)(A), for an adjusted base offense level of 22. After a two level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and another one level reduction pursuant to § 3E1.1(b), Harris's total adjusted offense level was 19. Her offense level of 19 and her criminal history category of II resulted in a guideline imprisonment range of 33 to 41 months.

In a written response to the PSI and at sentencing, Harris objected to the

referencing to § 2A2.2. Accordingly, we deem this argument abandoned. *See United States v. Rodriguez*, 279 F.3d 947, 950 n.3 (11th Cir. 2002). Nonetheless, this appeal is not barred by the sentence-appeal waiver in Harris's plea agreement because the waiver includes an exception for any enhancement applied by the district court for use of a firearm during another crime.

3

enhancements as a violation of the Sixth Amendment as interpreted by *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004). At sentencing, the district court, citing *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated and remanded by* 125 S. Ct. 1003 (2005), summarily rejected Harris's *Blakely* claim. Harris then objected to the cross-reference to aggravated assault because: (1) she was not charged with aggravated assault; and (2) aggravated assault is defined as intent to cause physical injury to another with a weapon, and she did not intend to cause her sister injury. After questioning Harris about the incident, the district court found that the cross-reference to aggravated assault was appropriate and calculated Harris's sentence with the enhancements based on factual findings not admitted by Harris. The judge then agreed with the probation officer and the government that a sentence at the low end of the guidelines range was appropriate and sentenced her to 33 months of incarceration. After commending the positive changes that Harris had made in her life since the incident, the judge said, "Well, the guidelines are such that I will have to impose a sentence in the penitentiary." Harris is currently incarcerated.

## III. Discussion

### A. Constitutionality of Conviction

Harris argues that the district court erred by denying her motion to dismiss

for lack of federal jurisdiction because the government's only evidence connecting the firearm to interstate commerce was the fact that it was manufactured outside of Alabama and traveled in interstate commerce.[2]  A constitutional challenge to § 922(g) is reviewed *de novo*.  *United States v. Dupree*, 258 F.3d 1258, 1259 (11th Cir. 2001).

Section 922(g) requires a minimal nexus to interstate commerce; that minimum nexus is satisfied when a defendant brandishes a firearm that was manufactured in another state.  *Dupree*, 258 F.3d at 1260.  In *Dupree*, we determined that § 922(g) is a constitutional exercise of Congress's commerce power.  *Id.*  Thus, the district court did not err in denying Harris's motion to dismiss for lack of federal jurisdiction because § 922(g) is a constitutional exercise of Congress's power, and we affirm on this issue.

B.     Constitutionality of Sentence

Harris also argues that her Sixth Amendment right to a jury trial was violated because her sentence was enhanced, under a mandatory guidelines system, based on facts found by a judge and not admitted by her.  Since Harris preserved this Sixth Amendment claim by raising the issue in the district court, we review her sentence *de novo*, but will reverse only for harmful error.  *United States v. Paz*,

---

[2] Both at sentencing and in her brief, Harris states that she is presenting this argument solely to preserve the issue for a possible later appeal.

11th Cir. 2005, __ F.3d __ (No. 04-20225, April 5, 2005) (citing *United States v. Sanchez*, 269 F.3d 1250, 1272 (11th Cir. 2002)(*en banc*)).  Because Harris never admitted to intent, and § 2X1.1(a) allows for adjustments only for intended offense conduct, the district court violated the Sixth Amendment by relying on facts not admitted by Harris or found by a jury beyond a reasonable doubt.  *See United States v. Booker*, 543 U.S. __, __, 125 S. Ct. 738, 756 (2005).

For this error to be harmless, the error must not affect the substantial rights of Harris.  *See Paz*, __ F.3d __ (citing *United States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998).  "A constitutional error, such as a *Booker* error, must be disregarded as not 'affecting substantial rights,' . . . if the error is 'harmless beyond a reasonable doubt.' . . . This standard is only met where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained.'" *Id.*  (quoting *United States v. Candelario*, 240 F.3d 1300, 1307 (11th Cir. 2001)).

The government has the burden of showing that the constitutional error did not affect Harris's substantial rights.  *See id.* (citing *United States v. Olano*, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781 (1993)).  Under the facts of this case, the government has not met its burden.  The error was not harmless beyond a reasonable doubt because the judge's statement that "the guidelines are such that I

will have to impose a sentence in the penitentiary," and the fact that Harris was sentenced at low end of the guidelines range prevent us from concluding beyond a reasonable doubt that the error complained of did not contribute to the sentence. Therefore, we vacate Harris's sentence and remand for re-sentencing under the advisory guidelines system.

**IV.    Conclusion**

The district court did not err in denying Harris's motion to dismiss for lack of federal jurisdiction because § 922(g) is a constitutional exercise of Congress's power.  Harris's sentence, however, was erroneously based in part on extra-verdict enhancements, under a mandatory guidelines system.  For the reasons stated above, this error was not harmless.  Accordingly, we vacate Harris's sentence and remand for re-sentencing consistent with this opinion.

**CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.**