[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11893
Non-Argument Calendar

_____

D.C. Docket No. 04-00199-CR-CG-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN GLENN MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

(September 29, 2005)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Steven Glenn Miller appeals his conviction for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The sole issue on appeal is whether § 922(g)(1) is constitutional as applied to Miller, under the Commerce Clause, where the only evidence connecting the firearm to interstate commerce was its manufacture out of state.  Miller admits that, under our caselaw, the fact that the firearm previously had traveled in interstate commerce is sufficient to satisfy the interstate commerce element of § 922(g)(1).  However, Miller relies upon United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000), and Jones v. United States, 529 U.S. 848, 120 S. Ct. 1904 (2000), to support his proposition that, because the Constitution does not provide Congress with a general police power, there must be more than a minimal connection between criminal activity and interstate commerce.

Because Miller did not raise this constitutional challenge in the district court, our review is only for plain error.  On appeal, Miller must show that there is (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights."  United States v. Olano, 507 U.S. 725, 732–34, 113 S. Ct. 1770 (1993).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or

public reputation of judicial proceedings.'"  Johnson v. United States, 520 U.S. 461, 467, 117 S. Ct. 1544 (1997) (quoting Olano, 507 U.S. at 732, 113 S. Ct. at 1770) (other internal quotation marks omitted).

Here Miller acknowledges that there is no error under Eleventh Circuit law. See Appellant's Brief at 6–7 (citing United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996)). Miller brings this appeal in order to preserve the issue.  Because there is no error Miller's claim fails at the first prong of the plain error test.

**AFFIRMED.**