[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10144
Non-Argument Calendar
_____

D. C. Docket No. 06-00064-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT TIM MARTIN,
a.k.a. Robert Martin,
a.k.a. Robert T. Martin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2007)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Robert Martin appeals his conviction and 235-month sentence for two counts of possession of a firearm in or affecting interstate commerce by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1).  He argues that § 922(g)(1) is facially unconstitutional under the Commerce Clause, or alternately, unconstitutional as applied to him.  Further, he argues that the district court acted unconstitutionally in increasing his sentence based on prior convictions that were not proven to a jury.  As these issues were not raised before the district court, we review them for plain error. *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).

We have previously examined the constitutionality of § 922(g)(1).[1] *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).  Under the Commerce Clause, Congress' power to regulate is limited to "Commerce with foreign Nations, and among the several States, and with the Indian Tribes."  U.S. Const. Art. I, § 8, cls. 1 & 3.  However, In *McAllister*, we held that § 922(g)(1) falls within this regulatory power because it contains a jurisdictional element that links its application to activities that affect interstate commerce.  *McAllister*, 77 F.3d at 390.

---

[1] 18 U.S.C. § 922(g)(1) states: "It shall be unlawful for any person - (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate of foreign commerce, or possess in or affecting commerce, any firarm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Similarly, we have upheld § 922(g)(1) against as-applied constitutional challenges when, as in this case, the government demonstrated at trial that the firearm possessed by the defendant was manufactured out-of-state and thus traveled across state lines in the past. *See United States v. Dupree,* 258 F.3d 1258, 1260 (11th Cir. 2001) (finding that such evidence is sufficient to establish a minimal nexus with interstate commerce). We thus find no error in the judgment below.

Martin next argues that the district court violated his Sixth Amendment right to trial by an impartial jury when it relied on his prior convictions to enhance his sentence. As Martin concedes, his argument is precluded by the Supreme Court's decision in *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). Under this binding precedent, "the Sixth Amendment does not require the government to allege in its indictment or to prove beyond a reasonable doubt that a defendant's prior convictions qualify him for enhanced sentencing." *United States v. Dowd*, 451 F. 3d 1244, 1253 (11th Cir.) (citing *Almendarez-Torres*, 523 S.S at 226, 118 S. Ct. at 1222), *cert. denied* 127 S. Ct. 335 (2006). Accordingly, we find that Martin's Sixth Amendment is foreclosed and we affirm the decision below.

**AFFIRMED.**

3