[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12684
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-21116-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVENSON CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 29, 2009)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Stevenson Charles appeals his conviction and 240-month sentence for possession of a firearm and ammunition by a convicted felon. For two reasons we reject Charles' appeal. First, 18 U.S.C. § 922(g)(1), on its face and as applied to Charles, does not violate the Commerce Clause. Second, the Supreme Court has held that a defendant's prior convictions do not need to be alleged in an indictment or proved to a jury in order to be used to enhance a sentence, and we have applied that ruling to sentences enhanced pursuant to 18 U.S.C. § 924(e). Accordingly, we AFFIRM.

## I. BACKGROUND

A federal grand jury returned an indictment alleging that Charles was a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See R1-8. At trial, Miami Dade Police Department Detective Dario Socarras testified as follows. R2 at 63. On 3 December 2008, Socarras stopped a car after it failed to stop at a stop sign. Id. at 64-65. While talking to the car's driver, Socarras smelled marijuana and noticed that the passenger was reaching towards his feet. Id. at 68. Socarras identified Charles as the car's passenger. Id.

After another officer, Speck, arrived at the scene, Socarras approached the passenger side of the car, and asked Charles to step out. Id. at 69. After Charles

2

stepped out of the car, he ran away from the officers. Id. at 70. Both Speck and Socarras pursued him. Id.

During the chase, Socarras noticed that Charles's hands were near his waist. Id. Socarras then saw Charles drop or throw a gun magazine to the ground. Id. at 72. Socarras later learned that the magazine was loaded. Id. at 74. Charles continued fleeing, and just before Charles dove to the ground, Socarras saw him throw a gun into the air. Id. at 77-78. Shortly thereafter, Socarras arrested Charles. Id. at 80.

Socarras searched Charles, and recovered a bag of marijuana and $962. Id. at 80-81. Socarras then recovered the gun Charles threw away. Id. at 81. Socarras also recovered a bag of marijuana under the passenger seat of the car from which Charles had fled. Id. at 84.

Jason Gambill, an officer with the Miami Dade Police Department's Alcohol, Tobacco, Firearms, and Explosives task force, testified as follows. Id. at 126. Gambill did not find Charles's fingerprints on the gun. Id. at 128, 140. During a post-arrest interview, Charles told Gambill that a girl had given him the gun, and when he was pulled over, he was on the way to give the gun to a friend. Id. at 132. Charles also told Gambill that there was no way the officers could have

3

seen him throw the gun to the ground, and that his fingerprints and DNA would have been on the gun. Id.

The parties stipulated that, prior to 3 December 2008, Charles was previously convicted of a felony offense. Id. at 142. Next, Charles stipulated that the gun and magazine introduced in the instant case were manufactured outside the State of Florida and had moved in interstate or foreign commerce prior to the day in question. Id. Lastly, Charles stipulated that, in April 1998, he was convicted of a felony offense involving a firearm. Id. at 142-43. At the close of evidence, Charles moved for a judgment of acquittal, which the court denied. Id. at 147. The jury found Charles guilty. Id. at 185-86; R1-27.

In preparing the Presentence Investigation Report ("PSI"), the probation officer calculated a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). Noting that Charles was subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e), the probation officer characterized Charles as an armed career criminal pursuant to § 4B1.4(b)(3)(B), and reset his base offense level to 33. The probation officer further noted that Charles's statutory minimum term of imprisonment was fifteen years and the maximum term of imprisonment was life. See 18 U.S.C. § 924(e)(1). Based on a total offense level of 33, and a criminal

4

history category of VI, Charles's guideline imprisonment range was 235 to 293 months.

At sentencing, Charles did not object to the PSI or his armed career criminal designation. See R3. The court adopted the PSI's guidelines calculations, stating that Charles's guidelines range was 235-293 months of imprisonment. Id. at 2. Charles's sister spoke on behalf of his family. See id. at 2-4. She asked the court to be lenient, stating that Charles had two children and that his community loved him. Id. at 3. She emphasized that Charles was his mother's only son, and that she did not believe their mother would live through his entire sentence. Id. Next, Charles personally apologized for his actions. Id. at 4. Charles stated that he only wanted to pursue his musical career and care for his children. Id. Charles requested a 180 month sentence. Id. at 6. The government opposed Charles's request, arguing that his extensive criminal history warranted a sentence at the high end of the advisory range. See id. at 6-8. After considering the guidelines and the statutory sentencing factors set forth in 18 U.S.C. § 3553, the court sentenced Charles to 240 months of imprisonment. Id. at 9. Charles did not object to the sentence. Id. at 10. This appeal followed. R1-36.

On appeal, Charles argues that 18 U.S.C. § 922(g), on its face and as applied to him violates the Commerce Clause. Charles concedes that his arguments are

precluded by our precedent, but raises the arguments to preserve further review. Charles contends that § 922(g) is a general criminal statute that bears no relation to commercial activity. Charles argues that § 922(g) is not limited to interstate or foreign commerce, which is beyond Congress's scope. According to Charles, § 922(g) also violates the Commerce Clause because it does not require a showing that the firearm possession substantially affected interstate commerce. Next, Charles argues that his possession of a firearm did not affect interstate commerce. Charles maintains that any link between his possession and interstate commerce is, at best, attenuated. Charles further contends that, because the government never showed that his possession substantially affected interstate commerce, his conviction cannot be sustained. Charles concludes that his conviction constitutes plain error.

Because Charles raises this constitutional challenge for the first time on appeal, it is within our discretion to either address his arguments de novo or consider them waived. See United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001). However, when an objection is raised for the first time on appeal, we review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, the appellate court may only correct forfeited errors if the defendant establishes: (1) an error, (2) that is plain, (3) that affects

6

substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In United States v. McAllister, 77 F.3d 387 (11th Cir. 1996), we found that because § 922(g) expressly requires that the felon possess a firearm or ammunition "in or affecting interstate commerce," the statute is constitutional on its face, and that it also was constitutional as applied to McAllister because the government demonstrated that the gun he possessed had traveled in interstate commerce. Id. at 390. Because McAllister remains controlling on this issue, Charles's argument must be rejected. See United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003); see also United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

Charles also argues that the district court violated his Sixth Amendment rights by using prior convictions, which were neither found by a jury nor admitted by him, to enhance his sentence pursuant to § 924(e). Charles concedes that this issue is arguably foreclosed by the Supreme Court's ruling in Almendarez-Torres v. United States, 523 U.S. 224, 239-47, 118 S. Ct. 1219, 1228-33 (1998), but nonetheless argues that we should re-evaluate the constitutionality of Almendarez-

7

Torres.  Charles next argues, in the alternative, that <u>Almendarez-Torres</u> is inapplicable here because the jury never specifically found that he had previously been convicted of qualifying offenses.

Because Charles raises this objection for the first time on appeal, we review for plain error.  <u>See</u> <u>Rodriguez</u>, 398 F.3d at 1298.  Charles was sentenced pursuant to § 4B1.4(a), which states, "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a).  Section 924(e) states in relevant part that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a . . . serious drug offense . . . shall be fined under this title and imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1).

In <u>Almendarez-Torres</u>, the Supreme Court held that factors, such as prior convictions, that are "relevant only to the sentencing of an offender found guilty of the charged crime," need not be charged in an indictment or proved to a jury beyond a reasonable doubt.  523 U.S. at 228, 118 S. Ct. at 1223.  The Supreme Court stated explicitly in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362 (2000) (holding  in which it held that it is a Sixth Amendment violation for a sentencing court to enhance a defendant's sentence beyond the statutory maximum based on facts that were not proven to a jury beyond a

8

reasonable doubt or expressly admitted by the defendant), that its decision in that case did not question the validity of its holding in Almendarez-Torres.

We reiterated in United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005), that the holding in Almendarez-Torres was not affected by Apprendi or the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) (holding that mandatory enhancements under the Sentencing Guidelines must be based on facts found by a jury or admitted by the defendant), and that a district court does not err when it uses prior convictions to enhance a defendant's sentence. Shelton, 400 F.3d at 1329. Finally, in United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006), we specifically held that prior convictions did not have to be found by a jury in order to be used to enhance a sentence pursuant to § 924(e). Accordingly, because the district court followed precedent from both the Supreme Court and this court when it used Charles's prior convictions to enhance his sentence, it did not plainly err.

### III. CONCLUSION

For the reasons stated above we find no merit in Charles' appeal. Accordingly, we **AFFIRM**.