[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10038
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20503-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE DUPUCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Dwayne Dupuch appeals his conviction under 18 U.S.C. §§ 922(g)(1) and 924(e)(1) of being a convicted felon in possession of a firearm and ammunition. Dupuch contends § 922(g)(1) is unconstitutional, facially and as applied, in violation of the Commerce Clause, because the possession of firearms by a convicted felon does not have a substantial effect on interstate commerce. Dupuch acknowledges, however, that this Court's precedent forecloses his argument that § 922(g)(1) is unconstitutional.

Pursuant to § 922(g)(1), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We have repeatedly held that § 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause. *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); *United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001) (rejecting the argument that § 922(g)(1) is unconstitutional, both facially and as applied, because Congress exceeded its authority under the

2

Commerce Clause in passing the statute); *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997) (holding § 922(g)(1) was not an unconstitutional extension of Congress's Commerce Clause power); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that as long as the weapon in question has a "minimal nexus" to interstate commerce, § 922(g) is constitutional).  Thus, Dupuch's argument that § 922(g) is facially unconstitutional because Congress exceeded its power under the Commerce Clause in enacting the statute is foreclosed by our precedent.

Further, Dupuch's argument that § 922(g)(1) is unconstitutional as applied to him is foreclosed by precedent.   This Court has held that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce" and the government demonstrated that the firearm in question "had traveled in interstate commerce." *McAllister*, 77 F.3d at 390; *see also Dupree*, 258 F.3d at 1260 (holding that brandishing a firearm that was manufactured in another state suffices to establish the required "minimal nexus to interstate commerce").  Dupuch was convicted of possessing the firearm and ammunition in Florida, and stipulated that the firearm and ammunition were

manufactured outside of Florida.  Thus, the firearm and ammunition traveled in interstate commerce, and § 922(g)(1) is not unconstitutional as applied to Dupuch.

**AFFIRMED**.