[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15620
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00011-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN EVERETT GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jonathan Gibson appeals his conviction after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  For the first time, Gibson -- on appeal -- argues that § 922(g)(1) is facially unconstitutional; he says it violates the Commerce Clause and the Tenth Amendment.

We generally review constitutional challenges *de novo*, but because Gibson failed to raise these arguments below, we review only for plain error.  *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).  Therefore, Gibson must demonstrate that error occurred, the error was plain, the error affects his substantial rights, and the error seriously affects the fairness, integrity, or reputation of the judicial proceedings.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  An error cannot be "plain" unless it is "obvious" and "clear under current law."  *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).  In addition, "only the Supreme Court or this [C]ourt sitting en banc can judicially overrule a prior panel decision" of our Court.  *United States v. Dean*, 604 F.3d 1275, 1278 (11th Cir. 2010).

We have repeatedly upheld the constitutionality of § 922(g)(1) as a valid exercise of Congress's Commerce Clause power.  *See, e.g.*, *United States v.*

2

*Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Dupree*, 258 F.3d 1258, 1260 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996).  None of the recent Supreme Court decisions relied on by Gibson abrogated or reversed our prior decisions on the constitutionality of § 922(g)(1). Furthermore, considering § 922(g)(1) is a valid exercise of Congress's Commerce Clause power, the statute does not violate the Tenth Amendment.  *See Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995).

In this case, no plain error occurred.  And Gibson's arguments are squarely foreclosed by binding precedent.

Next, Gibson argues, for the first time, that the "minimal nexus" test set out in *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977), is no longer sufficient for establishing the required connection to interstate commerce under § 922(g).  He points to the Supreme Court's decisions in *Bond v. United States*, 572 U.S. ___, 134 S.Ct 2077, 189 L.Ed.2d 1 (2014), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000).  Gibson maintains that a more significant connection to interstate commerce is now required for § 922(g) to cover intrastate possession and says that his conviction cannot stand because no significant connection to interstate commerce exists.  As this claim is also raised for the first time on appeal, we review only for plain error.  *See Peters*, 403 F.3d at 1270.

Neither *Bond* nor *Jones* involved § 922(g) or the "minimal nexus" test set forth in *Scarborough*. Thus, *Scarborough* remains binding precedent; and the "minimal nexus" test is the applicable standard for establishing a connection with interstate commerce.

We reject Gibson's argument. And it is squarely foreclosed by binding precedent. Thus, the district court did not plainly err when it convicted Gibson of being a felon in possession of a firearm, in violation of § 922(g)(1), where the Government established (and Gibson acknowledged) that the pertinent firearm previously traveled in interstate commerce.

**AFFIRMED.**