[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15103
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00114-JES-UAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL CHARLES KIRK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2016)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In this direct appeal, Daniel Charles Kirk appeals his conviction and fifteen-year sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, Kirk argues that the district court erred in applying the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). He argues that none of his seven prior burglary offenses qualify as "violent felonies" under the residual clause of the ACCA. As to his conviction, he argues that the Constitution requires the government to prove that a firearm or ammunition "substantially affected" interstate commerce before its possession can be punished under § 922(g).

We address each of his arguments in turn, and after careful consideration, we affirm his conviction, but vacate his sentence and remand for a full resentencing.

## I.

Kirk's first argument on appeal is that his seven prior burglary offenses do not qualify as violent felonies under the ACCA. We consider de novo whether a particular conviction qualifies as a violent felony for purposes of the ACCA. United States v. Matthews, 466 F.3d 1271, 1273 (11th Cir. 2006).

On September 16, 2014, this Court issued its published opinion in this case, concluding that Kirk's burglary convictions qualified as violent felonies under the ACCA's residual clause. United States v. Kirk, 767 F.3d 1136 (11th Cir. 2014).

2

After we denied appellant's motion for rehearing, he petitioned for certiorari with the United States Supreme Court. The Court granted his petition, vacated this Court's judgment, and remanded for further consideration in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). We ordered supplemental briefing from the parties.

In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. 576 U.S. at ___, 135 S. Ct. at 584. The government does not contend that Kirk's convictions satisfy the elements clause of the ACCA statute, and Kirk's ACCA enhancement depends solely on the residual clause, which is no longer valid. Thus, Kirk must be resentenced without the statutory ACCA enhancement in § 924(e)(1).

In his supplemental briefing, Kirk also argues that Johnson invalidates the residual clause in the sentencing guidelines and that he must be resentenced without any of the offense level increases or enhancements in the sentencing guidelines, such as in the career offender guidelines in U.S.S.G. § 4B1.1, or in any other guidelines.

We disagree because this Court has already held that Johnson does not invalidate the residual clause in the sentencing guidelines. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015) (affirming the district court's imposition of an enhanced base offense level because the defendant's Florida burglary

3

convictions were crimes of violence under the residual clause in the career-offender guideline in U.S.S.G. § 4B1.2(a)(2)).  In <u>Matchett</u>, this Court concluded that: "By its terms, the decision of the Supreme Court in <u>Johnson</u> is limited to criminal <u>statutes</u> that define elements of a crime or fix punishments."  <u>Id.</u> at 1194 (emphasis added).  The <u>Matchett</u> Court explained that the ACCA "defines a crime and fixes a sentence, but the advisory guidelines do neither."  <u>Id.</u> (citation omitted).  The <u>Matchett</u> Court concluded that "[t]he vagueness doctrine, which rests on a lack of notice, does not apply to the advisory guidelines."[1]  <u>Id.</u> (alteration, citation, and internal quotation marks omitted).

Contrary to Kirk's argument, nothing in <u>Johnson</u> precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.  <u>Johnson</u>, however, does result in Kirk's § 922(g) firearm offense having (1) a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and (2) not the fifteen year mandatory minimum penalty in the ACCA, or the lifetime maximum penalty, <u>id.</u> § 924(e)(1).

Prior § 4B1.4 Guidelines Calculations

Although <u>Johnson</u> does not apply to the guidelines, <u>Johnson</u> does mean that Kirk is no longer subject to the statutory sentence enhancement in § 924(e)(1).

---

[1] This Court in <u>Matchett</u> also noted that the Florida offense of burglary of an unoccupied dwelling qualifies as a violent felony under the residual clause in U.S.S.G. § 4B1.2(a)(2).  <u>Matchett</u>, 802 F.3d at 1196-97.  Kirk pled guilty to burglary of an unoccupied dwelling in each of his seven Florida burglary cases.

And as explained below, the primary guideline used to calculate Kirk's guidelines range was the § 4B1.4 guideline that applies only if the defendant "is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). Kirk is no longer subject to that guideline. We explain how Kirk's guidelines range was calculated and why this case warrants a recalculation of Kirk's guidelines range and thus a full resentencing.

The presentence investigation report ("PSI") assigned Kirk a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), because Kirk committed the instant firearm offense after sustaining one felony conviction for a crime of violence. He then received a 2-point increase under § 2K2.1(b)(4)(A) because the firearm involved in the offense was stolen; a 2-point increase for recklessly creating a substantial risk of death or serious bodily injury to another, pursuant to § 3C1.2; and a 2-point increase for perjury under § 3C1.1. This yielded an offense level of 26.

However, the PSI also classified Kirk as an armed career criminal under the § 4B1.4 guideline. Section 4B1.4 states that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Id. (emphasis added). This classification caused 34 to be substituted for Kirk's otherwise applicable offense level of 26.

Kirk received a total of seven criminal history points.  The PSI counted Kirk's seven Florida burglary convictions as a single sentence for which he received three points.  Kirk's criminal history category would have been IV, but with the armed career criminal enhancement in § 4B1.4, it became VI.  See id. § 4B1.4(c).

The district court heard Kirk's objections to the PSI calculations and agreed to remove the 2-point increase for perjury (which reduced the offense level from 26 to 24).  In doing so, the court noted that this reduction would not affect Kirk's advisory guidelines range because he was an armed career criminal anyway under § 4B1.4.[2]  It then adopted the PSI's recommended offense level of 34 and criminal history category of VI and found that Kirk's advisory guidelines range was 262 to 327 months' imprisonment.  After consideration of the 18 U.S.C. § 3553(a) factors, the court varied downward and gave Kirk a 180-month sentence–the mandatory minimum under the ACCA statutory enhancement.

In its supplemental briefing, the government points out that without the § 4B1.4(a) increase to the 34 offense level, Kirk's offense level was 24, with only one of his seven burglaries reflected in that calculation.  The government asks to reargue about Kirk's sentence, stating, in part:

---

[2] Without the armed career criminal enhancement in § 4B1.4(a), Kirk's offense level would have been 24 and his criminal history category would have been IV.  This would have resulted in an advisory guidelines sentence of 77 to 96 months' imprisonment.  U.S.S.G. Ch. 5, Pt. A (2012).

[T]he United States requests the opportunity to argue on remand that Kirk's seven prior convictions for burglary of a dwelling–only one of which is now reflected in the calculation of his base offense level and the calculation of his criminal history category–should factor into the determination of a substantively reasonable sentence in light of the 18 U.S.C. § 3553(a) factors.

Kirk asks to reargue too, about what base offense level should be used in his guidelines calculation, and alleges that his new base offense level should be lower than 20.

Given all of this background, we conclude that the vacatur of Kirk's sentence should result in a full resentencing. Kirk is no longer subject to a statutory enhanced sentence under § 924(e)(1), and thus § 4B1.4 no longer applies. And the record is clear that § 4B1.4 drove the original calculations but is no longer applicable. Accordingly, we vacate Kirk's sentence and remand for resentencing. On remand, the district court must first recalculate Kirk's advisory guidelines range and then apply the § 3553(a) factors. Nothing herein should be read as expressing any opinion as to the appropriate final sentence.

## II.

Kirk's final argument on appeal is that the district court erred in denying his motion for a judgment of acquittal because the government failed to prove that the firearm and ammunition in his possession "substantially affected" interstate commerce. Kirk also argues that § 922(g) is an unconstitutional exercise of Congress's Commerce Clause power as applied to purely intrastate conduct, such

7

as mere possession of a firearm, under United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995).  Kirk concedes that these arguments are foreclosed by "Eleventh Circuit precedent directly to the contrary," but he presents the arguments "in order to preserve the issue for further review."

It is unlawful for a convicted felon to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The Supreme Court, in considering the predecessor statute to § 922(g), held that the interstate commerce element is met by demonstrating a "minimal nexus that the firearm have been, at some time, in interstate commerce."  Scarborough v. United States, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969 (1977).  In Lopez, the Supreme Court held that gun control legislation related to the possession of firearms in school zones was an invalid exercise of Congress's Commerce Clause power partly because the statute could not be sustained under the reasoning that the regulated activities, in the aggregate, substantially affected interstate commerce.  See Lopez, 514 U.S. at 561, 115 S. Ct. at 1631.  In addition, the Supreme Court emphasized that the challenged statute "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce."  Id.

Since Lopez, we have continually held that § 922(g) is not a facially unconstitutional exercise of Congress's Commerce Clause power because unlike

8

the statute at issue in Lopez, § 922(g) contains a jurisdictional requirement.  See, e.g., United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."); United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001) (reaffirming the holding that "the jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes  § 922(g)(1) from [a] facial constitutional attack"); United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001) (upholding the conclusion that "the jurisdictional element of § 922(g) brings it within the commerce powers of the Congress"); United States v. McAllister, 77 F.3d 387, 389–90 (11th Cir. 1996) (holding that the jurisdictional element of § 922(g) defeats a facial challenge to the statute even after the Supreme Court's decision in Lopez).

Moreover, we have also held that § 922(g) is not unconstitutional as applied to a defendant who merely possessed a firearm within state lines so long as the government introduces sufficient evidence showing that the firearm has a minimal nexus to interstate commerce, i.e., that the firearm was manufactured, assembled, or sold outside the state or that it travelled in interstate commerce.  See, e.g., Jordan, 635 F.3d at 1189 (holding that § 922(g) was not unconstitutional "as applied to a defendant who possessed a firearm only intrastate" because the

government showed that the firearm involved was manufactured and assembled outside the state); Dupree, 258 F.3d at 1260 (holding that § 922(g) requires only a minimal nexus to interstate commerce and that the defendant's actions of brandishing in Georgia a firearm that was manufactured in California satisfied the jurisdictional requirement of § 922(g)); McAllister, 77 F.3d at 390 (holding that even in the wake of Lopez, § 922(g) is constitutional as applied to a defendant who merely possessed a firearm within state lines so long as the firearm has a minimal nexus to interstate commerce, an element that was satisfied in that case because the firearm possessed by the defendant had travelled in interstate commerce).

Here, the government produced evidence that the firearm and ammunition Kirk possessed in Florida were manufactured outside the state and therefore had necessarily traveled in interstate commerce. Given our undisturbed precedent, such evidence was sufficient to demonstrate the minimal nexus between the firearm and ammunition Kirk possessed and interstate commerce. Therefore, the jurisdictional element of § 922(g) was satisfied, and the statute is not unconstitutional as applied to Kirk's conduct. Accordingly, the district court did not err in denying Kirk's motion for a judgment of acquittal, and Kirk's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.