[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15319
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00266-SDM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH BISHOP,
a.k.a. Joseph Dean Bishop,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Bishop appeals following his conviction for one count of being a felon in possession of firearms and ammunition in and affecting interstate and foreign commerce, 18 U.S.C. §§ 922(g), 924(a)(2).  On appeal, Bishop argues --

for the first time on appeal -- that: (1) his conviction under 18 U.S.C. § 922(g) should be vacated because the statute is facially unconstitutional as it exceeds Congress's Commerce Clause authority and is also unconstitutional as applied against him; and (2) we should reverse his conviction by adopting a new rule that a police officer's testimony regarding a traffic stop should be construed against party interest when relevant video or audio evidence -- here, the audio to accompany his patrol car's video -- is unavailable due to the officer's failure to properly maintain the equipment.  After thorough review, we affirm.

When arguments about the constitutionality of a statute or the denial of a motion to suppress are raised for the first time on appeal, we review for plain error. United States v. Johnson, 777 F.3d 1270, 1273 (11th Cir. 2015); United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).  To establish plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If he satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.  A plain error is a deviation from a legal rule that is clear or obvious. Puckett v. United States, 556 U.S. 129, 135 (2009).  An error affects substantial rights when there is a reasonable probability of a different result absent the error. United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015).

2

First, we are unpersuaded by Bishop's claim that § 922(g) is unconstitutional. The Commerce Clause provides to Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. Under § 922(g), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

In United States v. Lopez, 514 U.S. 549 (1995), the Supreme Court held that Congress could regulate commerce if the regulated activities, in the aggregate, "substantially affect" interstate commerce. Id. at 558–59 (striking down the challenged gun control statute as an invalid exercise of Congress's Commerce Clause power); see also United States v. Morrison, 529 U.S. 598 (2000) (striking down as exceeding Congress's Commerce Clause authority a statute allowing civil actions by victims of gender-motivated violence). The Supreme Court emphasized that the statute being struck down failed because it "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." Lopez, 514 U.S. at 561–62 (giving as an example of a jurisdictional element, a statute which "made it a crime for a felon to 'receiv[e], posses[s], or transpor[t] in commerce or affecting

3

commerce . . . any firearm'"); see also Morrison, 529 U.S. at 612 ("[A] jurisdictional element may establish that the enactment is in pursuance of Congress' regulation of interstate commerce.").

We have has repeatedly held, following Lopez and Morrison, that § 922(g) is a facially constitutional exercise of Congress's Commerce Clause power. E.g., United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) (repeating the holding that § 922(g) is neither facially unconstitutional, nor unconstitutional as applied to "a defendant who possessed a firearm only intrastate" when the government demonstrated that the firearm moved in interstate commerce); United States v. Dupree, 258 F.3d 1258, 1259-60 (11th Cir. 2001) (rejecting the argument that § 922(g) is unconstitutional, both facially and as applied, and that Congress exceeded its authority under the Commerce Clause in passing the statute); United States v. Scott, 263 F.3d 1270, 1273–74 (11th Cir. 2001) ("[T]he jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack.").

As applied to an individual defendant, we have held that § 922(g)(1) is constitutional as long as the weapon has some "minimal nexus to interstate commerce." Dupree, 258 F.3d at 1260; Scott, 263 F.3d at 1273–74. In any individual case, the firearm must have at some point traveled in interstate

4

commerce to be captured by § 922(g)(1)'s jurisdictional element with a "minimal nexus" to interstate commerce and, if that is proven, a conviction is constitutional. Scott, 263 F.3d at 1274. A firearm possessed solely intrastate has necessarily traveled in interstate commerce and satisfies the minimal nexus requirement once the government establishes that a firearm was manufactured outside of the state in which the possession took place. United States v. Wright, 607 F.3d 708, 716 (11th Cir. 2010).

Here, as Bishop acknowledges, binding circuit precedent clearly precludes his argument that § 922(g) is a facially unconstitutional exercise of Congress's power under the Commerce Clause. E.g., Scott, 263 F.3d at 1272. His argument that § 922(g) is unconstitutional as applied against him to purely intrastate possession is also plainly foreclosed by our binding precedent. E.g., Dupree, 258 F.3d at 1260. The "minimal nexus to interstate commerce'" is satisfied against Bishop since the parties stipulated to the fact that the firearms and ammunition Bishop possessed in Florida were not manufactured in Florida and traveled in interstate and foreign commerce. See, e.g., id.; Wright, 607 F.3d at 716. These constitutional rules are clear and the district court did not err, much less plainly err, by applying them properly. See Puckett, 556 U.S. at 135.

We also find no merit in Bishop's claim that the police officer's testimony in his case should have been construed against the government. The Fourth

5

Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The Fourth Amendment's protections extend to "brief investigatory stops of persons or vehicles." United States v. Arvizu, 534 U.S. 266, 273 (2002). A search of a vehicle is reasonable under the Fourth Amendment when law enforcement receives a person's voluntary consent to search. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 222 (1973). Whether a defendant voluntarily consented to a search is determined by the totality of the circumstances. United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir. 2001). Because the voluntariness of consent is a question of fact, we will not disturb on appeal a district court's finding on that issue absent clear error. Id.

As a general matter, the "exclusionary rule" provides that any evidence obtained by unconstitutional searches and seizures is inadmissible in court. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961). The Supreme Court has noted that the suppression of evidence is a "last resort," and has held that the exclusionary rule is applicable "only where its remedial objectives are thought most efficaciously served -- that is, where its deterrence benefits outweigh its substantial social costs." Hudson v. Michigan, 547 U.S. 586, 591 (2006) (quotations and citations omitted).

Here, plain error applies because Bishop argues for the first time on appeal that the district court should have applied an adverse presumption due to missing

audio when it found that Bishop had voluntarily consented to the officer's search of his vehicle.  Under this kind of rule, Bishop argues that it would be clear error for the district court to credit the officer's testimony regarding his consent over his own testimony.  However, as Bishop concedes, the district court did not err, or even plainly err, in failing to apply an adverse presumption, since current precedent does not mandate it.  Because the new rule Bishop advocates is not currently a rule, let alone a clearly established one, the district court did not commit plain error by not applying Bishop's proposed new rule to his motion to suppress.  See Puckett, 556 U.S. at 135.

**AFFIRMED**.