[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10794
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00266-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANNI ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Giovanni Ellis appeals his conviction and sentence of 84 months of imprisonment for possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). Ellis argues that his sentence at the low end of his advisory guideline range is procedurally and substantively unreasonable. Ellis also argues, for the first time on appeal, that the statute prohibiting a felon from possessing a firearm that is "in or affecting commerce," *id.*, is unconstitutional, facially and as applied, because Congress exceeded its authority under the Commerce Clause in enacting the statute. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *United States v. Azmat*, 805 F.3d 1018, 1047 (11th Cir. 2010). We review whether the district court committed a procedural error, such as failing to calculate the guideline range or to explain the chosen sentence, and then we examine whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a defendant fails to present an argument to the district court, we review for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). Under that standard, the defendant must prove that an error occurred that was plain and that affected his substantial rights. *Id.* at 822.

Ellis's sentence is procedurally and substantively reasonable. The district court considered Ellis's presentence investigation report, the advisory sentencing guidelines, and his arguments for a downward variance of four levels from his

2

adjusted offense level of 23 based on his cooperation with investigators, his childhood emotional disability, and his background. The district court also considered the nature and circumstances of Ellis's offense when it contemplated giving him "some sort of break" based on his "effective argument" that he had the firearm "to protect [him]self," yet it decided to deny a downward variance in the light of Ellis's "awful . . . prior criminal history," which included eight convictions for possessing marijuana and three violations of a Florida law prohibiting "convicted felon[s] . . . [from] hav[ing] a firearm." The district court imposed a sentence at the low end of Ellis's advisory guideline range of 84 to 105 months of imprisonment, which was well below his maximum statutory penalty of 10 years of imprisonment. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). The district court did not abuse its discretion by giving more weight to Ellis's criminal history and the nature of his offense than to his personal characteristics and rehabilitation efforts. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

No error, much less plain error, occurred in convicting Ellis because, as he concedes, his constitutional challenges to section 922(g)(1) are foreclosed by precedent. We have held that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack," *United*

3

*States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001), and that section 922(g)(1) is constitutional as applied to a defendant who possesses a firearm that "traveled in interstate commerce," *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). *See United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Dupree*, 258 F.3d 1258, 1259–60 (11th Cir. 2001). We remain bound by those precedents.

We **AFFIRM** Ellis's conviction and sentence.