[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15597
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-10009-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIN LYNN JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 17, 2015)

Before, WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Darin Lynn James appeals his conviction and sentence under 18 U.S.C. §§ 922(g)(1) and 924(e) of the Armed Career Criminal Act (ACCA). James argues the district court erred by providing supplemental jury instructions that were misleading, refusing to offer jury instructions he requested, and sentencing him as an "armed career felon." He also asserts his conviction under § 922(g)(1) is unconstitutional. We hold the district court did not err on any of the above grounds and James has failed to show his conviction under § 922(g)(1) is unconstitutional. Accordingly, we affirm.

## I.  BACKGROUND

On February 8, 2014, James and four other individuals were pulled over by the police. Upon approaching the vehicle, the police officer saw James reaching toward the floor. While searching the vehicle, the officer found a gun in the area where James was reaching. James told the officer the gun belonged to him. Subsequently, the police discovered the gun was stolen.

James was indicted on one count of being a felon in possession of a firearm in violation of § 922(g)(1) of the ACCA. The prosecution and James stipulated that James was a convicted felon, the gun found by police was a firearm as defined by the ACCA, and the gun was manufactured outside of Florida.

Given a felon can be convicted under § 922(g)(1) if he has constructive possession of a firearm, the district court provided a jury instruction on

2

constructive possession during James's trial. Neither party objected to the instruction. Thereafter, the jury requested the court explain "'intent' in the definition of 'constructive possession.'"[1] In response, the court gave a supplemental instruction elaborating on the definition of constructive possession. The instruction included relevant language from *United States v. Derose*, 74 F.3d 1177 (11th Cir. 1996), *as modified* (Mar. 15, 1996). The instruction also stated that "intention" within the context of constructive possession requires more than "mere awareness" of a firearm's location. James requested that the court define "intent" for the jury using Black's Law Dictionary. The court refused the request.

Ultimately, the jury convicted James of being a felon in possession of a firearm. At the time, James had several prior felony convictions, including state convictions for robbery; sale, purchase, or delivery of a controlled substance in violation of Fla. Stat. § 893.13; attempted armed robbery; aggravated battery; resisting an officer with violence; and possessing cocaine with intent to sell, manufacture, or deliver in violation of Fla. Stat. § 893.13. Based on the court's finding that James is an "armed career felon" under the ACCA, the court sentenced him to 180 months' imprisonment.

## II.   DISCUSSION

### A. The District Court Did Not Abuse its Discretion in Providing the Supplemental Jury Instruction for Constructive Possession.

---

[1] The court's original instruction referenced "intention," not "intent."

3

James first claims the district court misled the jury when it responded to their request for a supplemental instruction. Specifically, James asserts the court's supplemental instruction suggested to the jury that constructive possession of a firearm only requires knowledge of the firearm.

"[W]e review a [district] court's response to a jury question for an abuse of discretion." *United States v. Wright*, 392 F.3d 1269, 1279 (11th Cir. 2004). The district court has considerable discretion in answering a jury question, so long as the answer does not misstate the law or confuse the jury. *United States v. Lopez*, 590 F.3d 1238, 1247–48 (11th Cir. 2009). When reviewing a supplemental instruction, we must consider the entire jury charge, including "the indictment, evidence presented[,] and argument of counsel." *Id.* at 1248 (internal quotation marks omitted). "Error in jury instructions does not constitute grounds for reversal unless there is a reasonable likelihood that it affected the defendant's substantial rights." *Wright*, 392 F.3d at 1277.

The district court's supplemental instruction did not misstate the law regarding constructive possession. "Constructive possession of a firearm exists when [the] defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam). Constructive possession is also defined as having "knowledge of the [firearm]

4

coupled with the ability to maintain control over it or reduce it to [one's] physical possession." *Derose*, 74 F.3d at 1185 (internal quotation marks omitted). The court's supplemental instruction included the same language used in *Derose* and made clear that "intention" requires more than mere knowledge of the firearm. Moreover, even assuming the instruction was misleading, it did not affect James's substantial rights. James's admission to the police that he owned the firearm provided adequate grounds for his conviction. *See United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004) (per curiam) ("A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm.").

As such, the district court did not commit an abuse of discretion in providing the supplemental instruction.

### B. The District Court Did Not Abuse its Discretion in Refusing to Provide James's Requested Jury Instructions.

James next asserts the district court erred in refusing his request to provide the jury with a definition of "intent." We review a district court's refusal to give an offered instruction for abuse of discretion. *United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008). We will only reverse such a refusal if (1) "the proffered instruction was substantially correct," (2) "the requested instruction was not addressed in charges actually given," and (3) "failure to give the instruction seriously impaired the defendant's ability to present an effective defense." *Id.* at 1046 (internal quotation marks omitted).

5

In providing the jury relevant language from *Derose* and informing them that "intention" requires more than mere awareness of a firearm, the district court gave the jury appropriate additional guidance on constructive possession. Accordingly, the court's charges addressed the requested instruction, and the court's refusal to provide the instruction did not "seriously impair" James's ability to present his defense.

C. The District Court Did Not Err in Sentencing James as an "Armed Career Felon."

James also argues the district court erred in determining his sentence because it incorrectly concluded that he is an "armed career felon" under the ACCA. A defendant who violates § 922(g)(1) and "has three previous convictions . . . for a violent felony or a serious drug offense . . . shall be imprisoned not less than fifteen years." *See* 18 U.S.C. § 924(e)(1).[2] "We review de novo whether a prior conviction is a 'violent felony' or a 'serious drug offense' within the meaning of the ACCA." *United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005). James's conviction for resisting arrest with violence qualifies as a "violent felony," and his two drug-related convictions are "serious drug offenses."[3]

---

[2] Defendants meeting the requirements of 18 U.S.C. § 924(e)(1) are referred to as "armed career felons."

[3] Given "armed career felon" is defined as a defendant who has three qualifying prior convictions, we need not address James's other felonies.

First, a crime punishable by more than one year is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). We have held that a Florida conviction for resisting arrest with violence meets this standard. *United States v. Hill*, No. 14-12294, ___ F. 3d. ___ (11th Cir. Aug. 26, 2015) (per curiam); *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam). Thus, James's resisting arrest with violence conviction is a "violent felony."

Second, we have also held that a defendant who has been convicted under Fla. Stat. § 893.13 has committed a "serious drug offense" for purposes of the ACCA. *See United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015). Since James has two prior convictions under Fla. Stat. § 893.13, he has two "serious drug offenses."

Accordingly, James has three prior convictions that meet the requirements of 18 U.S.C. § 924(e)(1), and the district court properly sentenced him as an "armed career felon."

### D. James Has Failed to Show His Conviction Under § 922(g)(1) Is Unconstitutional.

James claims his conviction under § 922(g)(1) is unconstitutional, asserting the statute violates the Commerce Clause, both facially and as applied. However, we have repeatedly held § 922(g)(1) is not a facially unconstitutional exercise of

7

Congress' power under the Commerce Clause. *See*, *e.g.*, *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001) (per curiam). Additionally, we have determined that § 922(g)(1) is not unconstitutionally applied to a defendant when, as here, the firearm in question traveled in interstate commerce. *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996); *see also United States v. Dupree*, 258 F.3d 1258, 1260 (11th Cir. 2001) (holding that brandishing a firearm manufactured in another state suffices to establish the required "minimal nexus to interstate commerce" required by the Commerce Clause). Hence, James's constitutional claim is without merit.

For the foregoing reasons, we affirm.

**AFFIRMED.**