[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13582

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KAREEM REAVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20129-RNS-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Kareem Reaves appeals his conviction for possession of a firearm and ammunition as a convicted felon under 18 U.S.C. § 922(g)(1), arguing (i) that the statute is unconstitutional as applied to him under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and (ii) that the statute is unconstitutional facially and as applied to him under the Commerce Clause. The government, in turn, moves for summary affirmance, arguing that each of Reaves's arguments is foreclosed by binding precedent.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). To abrogate precedent, the

Supreme Court must also "demolish and eviscerate each of its fundamental props." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotation marks omitted).

The Second Amendment protects the right to keep and bear arms. U.S. Const. amend. II. The federal felon-in-possession statute prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from keeping a firearm or ammunition. 18 U.S.C. § 922(g)(1). To obtain a conviction under § 922(g)(1), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019).

In *District of Columbia v. Heller*, the Supreme Court considered a "law-abiding" citizen's challenge to the District of Columbia's total ban on handgun possession, including possession in the home. 554 U.S. 570, 574-76, 628 (2008). The Court held that the Second Amendment right to bear arms "belongs to all Americans," but is "not unlimited." *Id.* at 581, 626. The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should [have been] taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.

Following *Heller*, the circuit courts adopted a two-step framework for Second Amendment challenges with which they first considered whether a law regulated activity within the scope of the Amendment based on its original historical meaning and

second applied the means-end scrutiny test to determine the law's validity. *See Bruen*, 597 U.S. at 18-19. In *United States v. Rozier*, decided between *Heller* and *Bruen*, we held that § 922(g)(1) was constitutional, "even if a felon possesses a firearm purely for self-defense." 598 F.3d 768, 770 (11th Cir. 2010). In reaching that conclusion, we noted that the Supreme Court's statement in *Heller* that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" was not dicta and stated that § 922(g)(1) was "a presumptively lawful longstanding prohibition." *Id.* at 771 & n.6 (quotation marks omitted).

In *Bruen*, the Supreme Court explained that the then-predominant means-end scrutiny test that was being applied by the circuit courts was inconsistent with *Heller*'s historical approach. 597 U.S. at 23-24. Instead, the Supreme Court explained that after determining whether an individual's conduct is covered by the Second Amendment's plain text, lower courts should consider whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. The *Bruen* opinion repeatedly discussed the Second Amendment as protecting the rights of "law-abiding" citizens. *See id.* at 9, 26, 38 n.9, 70-71.

In *Dubois*, decided after *Bruen*, we held that § 922(g)(1) was still constitutional because *Bruen* was "in keeping with *Heller*," which "did not cast doubt on felon-in-possession prohibitions" and therefore could not have abrogated *Rozier* under the prior-panel-precedent rule. 94 F.4th at 1293 (alterations adopted) (quotation

marks omitted).  In reaching that conclusion, we stated that *Bruen* approved step one of the two-step framework and that it "require[d] clearer instruction" from the Supreme Court before it would reconsider the constitutionality of § 922(g)(1).  *Id.* at 1292-93.

In *Rahimi*, the Supreme Court held that § 922(g)(8), a different subsection of the statute which prohibits firearm possession by individuals subject to domestic violence restraining order, was constitutional because the law comported with the principles underlying the Second Amendment.  144 S. Ct. at 1898-902.  In reaching that conclusion, the Court explained that "some courts [had] misunderstood" its clarifications to the second step of the framework and that *Bruen* does not require a regulation to have a "historical twin."  *Id.* at 1897-98 (quotation marks omitted).  The Court also again noted that prohibitions on felons' possession of firearms are "presumptively lawful."  *Id.* at 1902 (quoting *Heller*, 554 U.S. at 626-27).

The Commerce Clause gives Congress the power to "regulate commerce with foreign nations, and among the several states, and with the Indian tribes."  U.S. Const. art. I, § 8, cl. 3.  Section 922(g)(1) makes it unlawful for any person who has been convicted of a felony to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The government proves a "minimal nexus" between the firearm possession and commerce if it shows that a firearm or ammunition was manufactured outside

the state in which an offense occurred. *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010).

In *United States v. McAllister*, we held that § 922(g)(1) was constitutional under *Scarborough v. United States*, 431 U.S. 563 (1977), in which the Supreme Court laid out the minimal nexus test for Commerce Clause challenges, and *United States v. Lopez*, 514 U.S. 549 (1995), in which the Supreme Court ruled that a different subsection of § 922 was unconstitutional because it regulated an activity that did not substantially affect interstate commerce. 77 F.3d 387, 389-90, 390 n.4 (11th Cir. 1996). In resolving McAllister's facial challenge, we explained that § 922(g)(1)'s jurisdictional element limited its scope to activities that affect commerce. *Id*. at 390. In resolving his as-applied challenge, we explained that *Lopez* did not alter the minimal nexus test and that the statute was constitutionally applied to him because his firearm had travelled in interstate commerce. *Id*.

*McAllister* is still binding precedent. *See United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001) (holding that *United States v. Morrison*, 529 U.S. 598 (2000), in which the Supreme Court struck down another statute because it did not contain a jurisdictional element, did not abrogate *McAllister*); *United States v. Scott*, 263 F.3d 1270, 1272-73 (11th Cir. 2001) (same); *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (upholding § 922(g)(1) in resolving a similar challenge in 2017, citing *McAllister*), *abrogated on other grounds by Erlinger v. United States*, 144 S. Ct. 1840 (2024); *United*

*States v. Stancil*, 4 F.4th 1193, 1200 (11th Cir. 2021) (upholding § 922(g)(1) in resolving a similar challenge in 2021, citing *Dupree*).

Here, the government's positions are clearly right as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. First, our precedent, to which we are bound to adhere, clearly establishes that § 922(g)(1) is constitutional under *Bruen*. *See White*, 837 F.3d at 1228; *Dubois*, 94 F.4th at 1292-93. The statute was constitutional as applied to Reaves because he stipulated to the facts that he possessed a firearm and that he knew he was a convicted felon at the time of his arrest. *Rehaif*, 588 U.S. at 237. As a result, his historical argument fails as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. To the extent Reaves argues that *Rahimi* strengthens his argument because it clarified the second step of the *Bruen* framework, *Rozier* and *Dubois* make clear that his argument fails at the first step because his status puts him in a class whose conduct the Second Amendment does not protect. *Rozier*, 598 F.3d at 770-71; *Bruen*, 597 U.S. at 24; *Dubois*, 94 F.4th at 1292-93; *Rahimi*, 144 S. Ct. at 1897-98. Notably, *Rahimi* concerned a different subsection of § 922 and again noted that felon-in-possession prohibitions are presumptively lawful, so its holding was not clearly on point and therefore could not have destroyed the "fundamental props" of our prior precedent. *Rahimi*, 144 S. Ct. at 1898-902; *Kaley*, 579 F.3d at 1255; *Dubois*, 94 F.4th at 1293.

Second, as Reaves concedes in his response, our precedent, to which we are again bound to adhere, also clearly establishes that § 922(g)(1) is constitutional under the Commerce Clause, both

facially because of its jurisdictional element and as applied to Reaves because he stipulated to the fact that his firearm and ammunition were manufactured out of state. *White*, 837 F.3d at 1228; *McAllister*, 77 F.3d at 390; *Wright*, 607 F.3d at 715-16. As a result, his Commerce Clause argument fails as a matter of law.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**